United States District Court For The District Of Colorado

ABDO, Plaintiff.                    Case No. 18-cv-01622-KMT

v.

MUNOZ, et al., Defendants.          Tafoya

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 05 2019
JEFFREY P. COLWELL
CLERK

## Plaintiff's Motion For Injunction

Under Fed. R. Civ. P. and this Courts 'equity jurisdiction', I request this Court to issue a show cause order as to why this Court should not issue an injunction to prohibit Defendant United States & its agents, the ADX Warden and or Mail room staff and or SIS staff (int. affairs) From tampering with or destroying any of Plaintiff's incoming or outgoing legal mail according to those fact specific show cause conditions which Plaintiff requests be enjoined, at a minimum.

The show cause order should include an order to produce, at a minimum: all of Plaintiff's legal mail records kept by the ADX going back to Jan. 1, 2017; all records Defendant United States keeps regarding the envelope of their MTD, motion to dismiss, ECF No. 143, posted on 4-22-19, see Ex. 2 Part B, Attachment d; Ex. 2 Part B, Explanatory Declaration P2 (explaining reasoning), P6 (same); all of Plaintiff's records concerning his legal mail processed as general correspondence, i.e., the MTD, ECF No. 143 (posted 4-22-19) and the attorney mail posted on 12-14-18, see Ex.3 attachment b, explanatory

2

declaration ¶ 7 (details); all relevant USPS records showing that the zipcodes of 73103 and 73107 exist in Oklahoma City, Oklahoma and that they exist concurrently with the address, 504 Northwest, or Northeast, 16th St.; all relevant USPS records showing that when the USPS attempts to mail a letter that has an incorrect address, and fails to mail it, the USPS is NOT required by regulation to identify that "ATTEMPT" on the 'return to sender' label; all other relevant filings the Defendant wishes to submit in defense of this motion such as a declaration of Plaintiff's counselor, Mr. Hansen, regarding his responsibilities when cataloging all prisoner legal & certified mail.

The show cause order should also request a showing of why Defendant should not be required to send all of his court filings to Plaintiff by certified mail.

It should also request a showing why this Court should not take notice of Plaintiff's mailing problems and thereby issue an order that it will not rule on any motion whose effect substantially effects Plaintiff's rights or can be prejudicial to Plaintiff without awaiting his response to that motion, or such order this Court deems proper to ensure Plaintiff can pursue this suit unimpeded and without fear of "failing to prosecute" through no fault of his own.

3

## I. FACTS OF MAIL TAMPERING

### 1. Incoming legal mail never arrived.

To date, I am aware of 69 missing orders, notices, entries or filings in the instant docket, out of 157 total docket actions, that are required to be served under Fed. R. Civ. P. 5(a) which I never recieved. See Exhibit 1 (describing details).

### 2. Outgoing legal mail to Court never arrived.

To date, I can identify one set of filings filed on 11-27-18 via "Prison mail-box rule" that never arrived to the Court. See Exhibit 2 Part A (describing details).

### 3. Defendants Motion to Dismiss, ECF No. 143, Tampered With.

Plaintiff states the Defendant United States and its agents, BOP/ADX Mailroom staff illegally opened, read, copied & delayed delivery of Defendants MTD, ECF No. 143 causing a 10-day delay in service. This evidences the growing problem of Plaintiff's increasing inability to rely on those laws & policies that allow him access to this Court. See Exhibit 2 Part B (describing details).

4

**4. Zipcode tampering with outgoing legal mail.**

To date, I have identified four incidents where Defendant United States and its agents have changed the zipcode on Plaintiff's outgoing legal mail to his former military attorney causing the mail to be 'returned to sender' by the US Postal Service. See Exhibit 3 (describing details).

## II. ARGUMENT FOR INJUNCTION

"Framing... injunction[s] appropriate to [the] facts of a case is [a] matter [of] discretion of district judge[s]." J.M. Fields v. Kroger-Co, 330 F.2d 686 (5th Cir. 1964).

Courts are hesitant to interfere with prison officials decisions concerning the day to day administration of prisons UNLESS they violate the Constitution or other federal law. Turner v. Safley, 482 U.S. 78 (1987) (enjoining, by TRO, affirmative actions in prison).

Injunctions that merely preserve the "status quo" are held to a lower standard than mandatory affirmative Injunctions. See Servisco v. Morreale, 312 F.Supp. 103 (E.D. La. 1970); Roda Drilling Co. v. Siegal, 552 F.3d 1203 (10th Cir. 2009)

### 1. Defendant United States Habitual & Increasingly Bold Mail Violations Over 9 Months Show That Future Violations Are Very Likely:

Plaintiff's first declaration of missing mail was docketed on 8-30-18 and referred to missing entries 26, 23-25, see Ex. 1, Explanatory Declaration. The violations have since occurred and spread to dispositive motions, see Ex. 2 Part B, as well as private attorney correspondence, see Ex. 3. They have occurred despite Plaintiff filing 2 motions for injunction priorly, see ECF No.'s 31, 43 and 44. Past violations inferential of future misconduct when evidence suggests its more than isolated occurrences. Commodity Futures Trading Com'n v. Wall Street Underground, Inc., 281 F. Supp. 2d 1260, 73 (D. Kan. 2003); accord Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 64 (9th Cir. 1990).

### 2. Defendant United States Has and Will Cause 'Irreparable Injury:'

See Schrier v. Univ. of Colorado, 427 F.3d 1253, 58 (10th Cir. 2005) (applying standard).

Compare infra Ex.s 1, 2 and 3 (alleging First & Fifth amendment violations) with, Elrod v. Burns, 427 U.S. 347 (1976)

6

("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."), and Federal Practice and Procedure §2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."), and Wolff v. McDonell, 418 U.S. 539, 76-79 (1974) (stating a "constitutional right" exists to be free from legal mail interference), and Jackson v. Cuyer, 1993 U.S. Dist. LEXIS 16410 (D. Ma. Nov. 10 1993) (granting injunction where prisoner alleged opening of legal mail and finding fulfillment of four Schrier prongs. Schrier, 427 F.3d at 1258 (10th Cir. 2005).

### 3. The 'Balance of Hardships' Favors Plaintiff Because, at a Minimum, He Merely Requests That BOP Policy Be Followed And Doesn't Necesarily Require 'Affirmative Action Or Nothing'.

The proper screening of legal mail includes its immediate delivery to Plaintiff, see infra Ex. 3 ¶2 (citing policy on mail processing), and not its tampering or destruction or opening outside his presence. These constitutional & regulatory mandates are routine practice for Defendant United States' agents in the mailroom; systems already exist to support its application. There is no burden on Defendant nor his agents.

## 4. Following Laws & The Constitution Are Always In The 'Public Interest':

Compare infra Ex.s 1, 2 and 3 (alleging BOP policy & constitutional violations of many forms too include 18 U.S.C § 1700-1723, a felony crime), with Phelps-Roper v. Nixon, 545 F.3d 685, 90 (8th Cir. 2008) ("always in public interest to protect constitutional rights); accord R.G. v. Koller, 415 F. Supp. 2d 1129, 62 (D. Haw. 2006) (same); Howard v. United States, 864 F. Supp. 1019, 24 (D. Colo. 1994) (same); See also Duran v. Anaya, 642 F. Supp. at 527 (respect of guards for law in operating prison an interest of public).

Lastly, "[c]ourts of equity have much greater latitude in granting injunctive relief in furtherance of the public interest ... than when only private interests are involved." City of Los Angeles v. Lyons, 461 U.S. 95, 136 (1983).

## 5. Plaintiff is 'Likely To Succeed On The Merits':

First indication of this is that Plaintiff, at a minimum, will get negligent spoilation of evidence sanctions against Defendant's who admitted that contemporaneous video evidence of his 'waterboarding' claim is "corrupt[] and irretrievable".

8

Motion to Dismiss Ex. 3 at 16 seconds, ECF No. 73 (litigant admits need for secondary, post-occurrence, video assessment because in the 2-hours since the first video, which was contemporaneous, was taken, he came to the conclusion that its "corrupt[,] and irretrievable.") See generally Pl.'s Supp. Br. 20-21 (pages) ECF No. 93 (plaintiff presents spoilation argument). This pertains to claim 18, Compl., ECF No. 126. (¶¶ 43-54).

Secondly, Defendant's offered declaration of ADX video custodian omits to declare under penalty of perjury the non-existance of contemporaneous video footage for claims 7-14, Compl., ECF No. 126 (plaintiff alleges contemporaneous footage), whereas, the declarant has no hesitation doing so for claims 1-6, id. (plaintiff also alleged existance of such footage despite, in this instant declaration, denial of declarant). See Motion to Dismiss Ex. 1, ¶ 5 (affirmatively denying video evidence); ¶ 10 (same for claims 15-18), Further, ECF No. 143. This is evidence that Defendant's have reason to withold video evidence, such as that it is adverse to them.

Thirdly, Plaintiff's original complaint survived summary screening equated to a 12(b)(6) level of review, see 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e (c)(1); Court Order Aug. 7, 2018 (not proper for "dismisal". See also Evans, 2018 U.S. Dist. LEXIS 102448 (D. Kan. June 20, 2018) (In dictum, court implies that the novel issue of PLRA screening precluding subsequent 12(b)(6)

9

motion can't be addressed because complaint wasn't screened by the PLRA). Thus, Plaintiff's claims are at least 'plausible'. See Bell Atlantic v. Twombly, 550 U.S. 544, 70 (2007)(stating standard).

Fourthly, along the same thread, Plaintiff asserts that the Defendant's strategic avoidal of any summary judgment language in their dispositive motions, ECF No.s 73, 143, is due to their acknowledgment of a 'weak case,' they thereby avoid discovery of the aforementioned video evidence.

C. Helpful Cases: Jackson v. Cuyer, 1993 U.S. Dist. LEXIS 16490 (D. Ma. Nov. 10, 1993) (granting TRO to deliver legal mail unopened); Diamontiney v. Borg, 918 F.2d 793 (4th Cir. 1440) (regarding delivery of legal mail); Martyr v. Bachik, 770 F. Supp. 1406 (D. Or. 1991) (protecting rights to correspond); Bear v. Kautzky, 305 F.3d 802, 05-06 (8th Cir. 2002) (requiring inmates allowed to communicate with jailhouse lawyers); Pinson v. United States, 104 F. Supp. 3d 30 (D.C. 2015) (regarding Rule 65 motion, "given Mr. Pinson's concerns about occassional lapses in service, the Court will not deem as conceded any motion without giving him opportunity to respond").

Plaintiff, therefore, PRAYS that this Court grant all or any portion of the afore- -mentioned injunction against all or any

10

of the aforementioned persons or entities, i.e., the United States and/or the ADX, and/or, the Warden of ADX, Mr. Matevousian, and/or ADX Mailroom staff as all of the latter parties/entities are agents of Defendant United States.

Plaintiff PRAYS for any other relief this Court sees fit to render.

US Penitentiary Max  
PO Box 8500  
Florence CO  
81226

Naser Abdo

Executed 5-27