IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01622–KMT

NASER ABDO,

    Plaintiff,

v.

UNITED STATES

    Defendant.

---

# ORDER

---

    Before the court is Plaintiff's "Motion for Reconsideration of Order at ECF No. 202." (["Motion"], Doc. No. 208.) No response has been filed to the Motion.

    Plaintiff Naser Abdo, a *pro se* prisoner litigant,[1] seeks reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of this court's Order to Dismiss in Part, entered on December 11, 2019. (Mot. 1; *see* Doc. No. 202.) Plaintiff argues that certain of his dismissed claims should be reinstated, because the court "misapprehended the facts and Plaintiff's position" as to those claims. (Mot. 2-7.)

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed, or to advance arguments that could have been previously raised. *Id.*

Plaintiff, a federal inmate, commenced this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2671-2680, asserting violations of his civil rights by the United States and eight individual Defendants, all of whom are federal prison employees. (["Complaint"], Doc. No. 126 at 2-4.) In his Fourth Amended Complaint, Plaintiff lodges eighteen causes of action: six FTCA claims for battery by the United States (Claims 1-3, 7, 15, 18); four FTCA claims for negligence by the United States (Claims 8, 10, 12-13)[2]; five Eighth Amendment claims for excessive force by individual Defendants; (Claims 4-6, 9, 16); two Eighth Amendment claims for deliberate indifference by individual Defendants (Claims 11, 14); and one Eighth Amendment claim for failure to intervene by an individual Defendant (Claim 17). (*Id.* at 18-30 ¶¶ 55-97.)

On April 19, 2019, Defendants moved to dismiss all claims against them for lack of subject matter jurisdiction, and for failure to state a claim. (Doc. No. 143.) On December 11,

---

[2] Claims 8, 10, and 12 allege negligent performance of duty, while Claim 13 alleges both negligent performance of duty and medical negligence.

2019, this court granted Defendants' motion, in part, with respect to the Eighth Amendment claims against the individual Defendants, and with respect to the FTCA claims for negligence against the United States. (Doc. No. 202 at 32-33.) The December 11, 2019 dismissal order discusses, in detail, the reasons for the dismissal of those claims.

In the instant Motion, Plaintiff argues that the dismissal of his FTCA claims for negligence was a "clear error of law." (Mot. 1.) Plaintiff contends, specifically, that the court "should have found" that there was a sufficient "special relationship" between himself and the individual Defendants to establish a legal duty of care. (*Id.* at 2.) In addition, as to the medical negligence claim, Plaintiff argues that the requisite duty of care "is clearly codified in [federal prison] policy leaving no room for professional judgment upon which expert testimony would be predicated." (*Id.* at 5.)

After review of the instant Motion and the entire file, the court finds no justifiable reason to reconsider the Order to Dismiss in Part, or to reinstate certain of the dismissed claims. Indeed, in his Motion, Plaintiff merely rehashes arguments previously raised in his response to Defendants' motion to dismiss. *See Paraclete*, 204 F.3d at 1012. Therefore, because Plaintiff has failed to demonstrate a misapprehension of the facts, his position, or the controlling law, his motion for reconsideration will be denied.

Accordingly, it is

ORDERED that Plaintiff's "Motion for Reconsideration of Order at ECF No. 202" (Doc. No. 208) is **DENIED**.

This 15th day of January, 2020.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge