UNITED STATES DISTRICT COURT
For The District of COLORADO

Magistrate Judge Kathleen M. Tafoya

ABDO
Plaintiff
vs.
United States
Defendant

No. 18-CV-01622-KMT

MOTION FOR Rule 11 Sanctions

Date of Hearing:
Time of Hearing:
Courtroom No.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1/16/2020
JEFFREY P. COLWELL, CLERK

**Relief Sought**

I submit this under Rule 11(c)(2) regarding Defendant's Answer, ECF No. 205. I request the Court to give Defendant an opportunity to fix any errors found by the Court, and if not done, to sanction Defendant by requiring them to pay for my deposition(s) as the Court sees fit.

090
1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

80882280

## I. The Current Law Hereto Applied.

Rule 11 signature requirement represents attorney's honest belief and good ground that his claims are supported in a pleading. The requirement adds ethical responsibility to the concept that baseless claims should not survive. Levy v. Seaton, 358 F.Supp. 1 (S.D.N.Y. 1973). Rule 11 sanctions punish an attorney for filing false or misleading pleadings with the court; it ensures that an attorney... conducts a reasonable inquiry into any fact alleged or denied. Coffey v. Healthtrust, Inc., 1 F.3d 1101, 1104 (10th Cir. 1993). An attorney's good faith belief in an argument's merit must be in accord with what a reasonable competent attorney would believe under the circumstances. White v. General Motors Corp., Inc., 908 F.2d 675, 36 (10th Cir. 1990). A standard of objective reasonableness is applied under Rule 11. White, 908 F.2d at 680. Reasonable inquiries require some kind of investigation, and some affirmative conduct on the part of the attorney in question. Mohammed v. Union Carbide Corp., 606 F.Supp. 252 (E.D. Mich. 1985). "[A] lack of improper purpose, no matter how abundant, does not absolve a lawyer's or litigant's failure to conduct a reasonable inquiry into the facts and the law." Lancellotti v. Fay, 909 F.2d 15, 20 (1st Cir. 1990). District Court should test signers' conduct by inquiring what was reasonable to believe at time the pleading was submitted to the court. Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535 (3d Cir. 1985).

## II. Argument, Defendant Didn't Make "Reasonable Inquiry" In Answering Complaint As To The Facts.

a. Defendant stated Plaintiff's BoP Registration Number incorrectly in its answer, see ECF No. 205, 1 (page no.); however, Defendant had priorly submitted its Motion To Dismiss [hereinafter MTD], ECF No. 143, with the correct number, see MTD Ex. 1, ¶3 (80882280 and not 15177-424). Thus, the MTD before the Court shows it was unreasonable to believe my number was the latter one and that Defendant didn't make any pre-answer inquiry at all.

b. Defendant stated I wasn't pulled flush to the door by stating its specific denial in -- its Answer, see Answer C, ¶13; but, contrary video evidence submitted in its MTD shows I was indeed pulled flush to the door with even my foot being dragged on its side, see MTD Ex. 5 at 14:28; Ex. 3 at 14:28. Indeed, in Ex. 3, I'm no longer visible due to being pulled so close to the door.

c. Defendant deny's I pulled my leg back, see Answer C, ¶16; however, I very clearly did so on video, see MTD Ex.s 3,5 at 15:38, a fact which Defendant knew before answering.

d. Defendant says I didn't use the sink by denying it in its Answer, see Answer C, ¶16; however, I did so on video, see MTD Ex. 3 at 15:45 - 16:00.

e. Defendant deny's I 'cuffed up', see Answer C, ¶16; but, I did so on video, see MTD Ex.s 3, 5 at 16:30.

f. Defendant's general denial that I never stated the "c.o.'s assaulted me" overcomes its non-denial, non-admission that "statements... speak for themselves" which, in the absence of a general denial are considered admitted, Lane v. Page, 272 FRD 581, 603 (D.N.M. 2011). Thus, Defendant's contradict video evidence. See MTD Ex. 2 at 4:43 (making statement). The denial is ¶17 of their answer. See also Answer C, ¶9 (general denial).

9. Defendant's admitted there are 2 cameras in the medical cell, Answer C ¶18; however, there are 3 cameras, see MTD Ex. 1 ¶4 (decl. of SIS officer).

h. Defendant denys that cell 501, my cell, isn't close to the range camera, see Answer C ¶45; but, video evidence says contrary, see MTD Ex.8 (showing camera is close to cell and views the door, Facts denied by Defendant).

i. Defendant denys that when the cell door is open, a large portion of the cell is visable on camera, see Answer C ¶45; yet, this is contrary to video, see MTD Ex.8 at 10:15.

j. Defendant denies all my claims have contemperaneous footage see Answer C ¶45; however, that is contrary to the existance of its exhibits, see MTD Ex.s 3-5, 8 (for claims on Dec. 9th and July 5); MTD Reply 13, Fn. 9, ECF No.182 (responding to my allegation that the witholding of footage arising out of the Dec. 10th claim is acknowlegement of my claims merit by stating that the only reason they weren't attached to the MTD is because I "didn't incorperate them into the complaint" (which is false; I did); thus, Defendant does indeed have the video).

k. Defendant denys I complained of ongoing numbness in my hand, see Answer C ¶50; however, I very clearly did so. See MTD Ex.6 at 7:53.

l. Defendant denys I stated I'd been "assaulted" camera, see Answer C ¶51, for the same reasons cited above, see supra Part F (discussing effect of general denials); but, this is contrary to video evidence, see MTD Ex.6 at 8:47.

m. Defendant denies that the Disciplinary Hearing Officer dismissed the attempted assault charge, see Answer C ¶52; this is contrary to their own exhibit, see MTD

Ex. 14 (DHO report stating opposite).

The previous points show that Defendant not only failed to make an 'affirmative inquiry', but that Defendant failed to even incorporate the results of its prior inquiry into its Answer. Moreover, all the denials are predicated on documents already before the Court, namely Defendants pre-Answer MTD, showing what Defendant did and didn't know at the time of the Answer's filing.

Further, Defendant denies Williams wasn't at the door observing my gassing, Answer ¶ D27; however, they admit he was there just before and just after it by admission, Answer ¶¶ D22, 36, so how can it not be verified that he was present unless no inquiry was made, as the aforementioned show.

Along this thread, there are 22 other instances where Defendant's answers fail to accord to the evidence, namely the "missing video" alluded to in its MTD Reply 13, fn.9; which would turn those denials into admissions. I've not elucidated those facts here only because Defendant didn't put that video before the Court as it did with those already cited to above; thus, while it may be likely that the Court believes me concerning these 22 instances, the video's absence make proving what Defendant reasonably believed impossible.

Awesomely Submitted,

[signature]
1-10-20  ~~[typed name]~~ [date]
US Penitentiary Max   [address]
PO Box 8500   ~~[phone number]~~
Florence, CO. 81226
Naser Abdo   [party name], Pro se

090                                                     1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

80882280

DECLARATION OF SERVICE, MAILING & MISC. #23

I, Naser Abdo, DECLARE under penalty of perjury that the following is true & correct:

1) On see below (date), I recieved the following document(s), record(s) or other tangible thing(s) stated below from, see below (persons name if known), by _____ (Legal mail, Delivery, Personal mail, etc...).

A) ELF Nos. 211, 212 From Robinson by legal mail on 1-6-20
B) ELF Nos. 206, 208-210 From Hansen by legal mail on 1-2-20
C) Scheduling Order-Notice by regular mail on 1-1-20
D) ELF No. 205 From Wiese by legal mail on 12-26-19
E)

2) On 1-13-20 (date), I mailed the following document(s) or record(s) stated below by the current legal mail procedures in effect by handing the sealed and properly stamped envelope(s) to prison official, _____ (name if known), for post. The address printed on the envelope(s) was as follows.

A) Motion For Rule 11 Sanctions
B) Motion To Strike Answer (in whole or in part)
C) Rule 33, 34 requests on 1-8-20 by Hansen
D) Motion For Docket Sheet on 12-31-19
E) Declaration of Service, Mailing & Misc. #23
Address(es): US District Court, 901-14th St., RM A105, Denver, CO, 80294-3589

3) I am expecting but have not yet recieved the following document(s) or record(s) or tangible thing(s).

A)                          C)
B)                          D)

Declarants Address: US Penitentiary Max, PO Box 8500, Florence, CO, 81226
Name Naser Abdo   Number 30882080
Signature _____
Executed on 1-13-20 (Date)

US District Court
901-19th St., Room A105,
Denver, Co, 80294-3589

c/o Clerks Office

(Legal Mail)

