IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01622–KMT

NASER ABDO,

    Plaintiff,

v.

UNITED STATES

    Defendant.

---

# ORDER

---

Before the court are three motions filed by Plaintiff: "Motion to Strike Answer," filed on January 16, 2020; "Motion for Rule 11 Sanctions," filed on January 16, 2020; and "Motion for Rule 11 Sanctions," filed on February 3, 2020. (Doc. Nos. 219-20, 225.) Defendant has responded in opposition to all three motions, and Plaintiff has replied. (Doc. Nos. 229-30, 243-44.) For the following reasons, all three motions are DENIED.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Naser Abdo,[1] an inmate at the United States Penitentiary, Administrative Maximum ["ADX"] facility in Florence, Colorado, brings this action pursuant to *Bivens v. Six*

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2671-2680, asserting violations of his civil rights by the United States and eight individual Defendants, all of whom are ADX employees. (["Complaint"], Doc. No. 126 at 2-4.)  In his Fourth Amended Complaint, Plaintiff lodges the following causes of action: (1) Eighth Amendment claims for excessive force, deliberate indifference, and failure to intervene by the individual Defendants; and (2) FTCA claims for battery and negligence by the United States, arising from the alleged misconduct of the individual Defendants.  (*Id.* at 18-30 ¶¶ 55-97.)  On December 11, 2019, this court dismissed the Eighth Amendment claims, as well as the FTCA negligence claims, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 202 at 32-33.)  As a result, the case proceeds against the United States alone, solely on Plaintiff's FTCA claims for battery.  (*Id.* at 33.)

On December 23, 2019, the United States filed its Answer to the Fourth Amended Complaint, asserting various defenses to the remaining claims against it.  (Doc. No. 205.) Plaintiff now moves to strike the United States' Answer, in its entirety, as well as certain defenses asserted by the United States, pursuant to Federal Rule of Civil Procedure 12(f).  (Doc. No. 219.)  In addition, Plaintiff also asks the court to impose sanctions upon the United States, pursuant to Federal Rule of Civil Procedure 11, on the basis that Defendant's counsel did not make a reasonable inquiry into the relevant facts.  (Doc. Nos. 220, 225.)

## ANALYSIS

### I. Motion to Strike

Abdo moves to strike the United States' Answer, in its entirety, as well as thirteen of the twenty-one defenses contained in the Answer, pursuant to Federal Rule of Civil Procedure 12(f).

(Doc. No. 219 at 3-7; *see* Doc. No. 205 at 11-13.) Plaintiff argues, first, that certain of the asserted defenses are mere denials of elements of his claims. (Doc. No. 219 at 3, 5-7.) In addition, Plaintiff argues that the United States insufficiently alleges all essential facts required to establish the asserted defenses. (*Id.* at 4-5.) He also argues that certain of the defenses pertain to claims that have previously been dismissed, or have not been brought. (*Id.* at 3-6.)

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010). "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

Motions to strike are generally "disfavored," and "will only be granted under the rarest of circumstances." *KAABOOWorks Servs., LLC v. Pilsl*, No. 17-cv-02530-CMA-KLM, 2019 WL 1979927, at *5 (D. Colo. May 3, 2019) (citing *Sierra Club*, 173 F.R.D. at 285); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2004). Thus, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). And, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173

F.R.D. at 285. Irrespective of whether the moving party has met his burden to prove that allegations contained in a pleading violate Rule 12(f), the court retains discretion to grant or deny the motion to strike. *See Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (reviewing a district court's ruling on a motion to strike for abuse of discretion); *see also* Fed. R. Civ. P. 12(f) (denoting only that allegations that are subject to Rule 12(f) "may" be stricken).

      Here, Plaintiff has made no showing of prejudice from Defendant's Answer, or from any of the specified defenses contained therein. As to prejudice, Plaintiff argues only that the United States "doesn't make clear which of their [sic] 22 defenses appl[ies] to which of my 6 Battery claims," and that he is "being required to spend time and effort searching for their potential applicability." (Doc. No. 219 at 8.) However, Plaintiff provides no specific evidence to support that vague assertion. Therefore, because the record before the court does not show that the challenged defenses would prejudice Plaintiff, the motion to strike is denied. *See Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2016 WL 11548167, at *2 (D. Colo. Aug. 30, 2016) (denying a motion to strike, based on a lack of demonstrated prejudice, where the plaintiff argued that she would "be prejudiced through devotion of more resources to this case for each inherently defective affirmative defense and through resulting confusion that improperly complicates this case," because the asserted prejudice was "vague and mere speculation").

## II. Motions for Sanction

In two separate but duplicative motions,[2] Plaintiff seeks sanctions under Federal Rule of Civil Procedure 11. Rule 11 provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). A finding of bad faith is not necessary to find a violation of Rule 11. *Colo. Chiropractic Counsel v. Porter Memorial Hosp.*, 650 F. Supp. 231, 237 (D. Colo. 1986). The applicable standard is one of objective reasonableness in all circumstances. *White v. Gen. Motors Corp.*, 908 F.2d 675 680 (10th Cir. 1990). The court retains discretion as to whether to impose sanctions under Rule 11. *See Augustine v. United States*, 810 F.2d 991, 996 (10th Cir.

---

[2] The two motions for sanctions filed by Plaintiff contain identical language. (*See* Doc. Nos. 220, 225.) Accordingly, the court considers the motions together, as one motion.

1987) ("The refusal to impose sanctions is solely within the discretion of the trial court, to be reversed only when that discretion is abused.").

Here, Plaintiff's motion for sanctions fails for both procedural and substantive reasons. Procedurally, there is no indication in the record that Plaintiff complied with the mandatory safe harbor provision of Rule 11(c)(2), which requires a party who seeks Rule 11 sanctions to serve a copy of his or her motion on the party accused of sanctionable behavior twenty-one days before the motion is filed. Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F. 3d 1179, 1191-92 (10th Cir. 2006). In the Tenth Circuit, Rule 11's safe harbor provision is "strictly enforced." *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 n.5 (D. Colo. 2019) (quoting *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010); *see Roth*, 466 F.3d at 1192-93 (holding substantial compliance with Rule 11(c)(2) to be insufficient). Therefore, Plaintiff's motion is appropriately denied on that basis alone. *See Wolf*, 2010 WL 2232353, at *2 (denying a defendant's motion for sanctions, because there was no evidence that the defendant complied with Rule 11(c)(2)).

Substantively, Abdo does not demonstrate any arguable basis for the imposition of sanctions. In his Motion, Plaintiff asks that sanctions be imposed against the United States, on the grounds that its attorneys did not make a "reasonable inquiry" into the facts with respect to its Answer to the Fourth Amended Complaint. (Doc. No. 220 at 2.) Plaintiff contends, specifically, that the United States "incorrectly" stated his Federal Bureau of Prisons identification number in the Answer without making "any pre-answer inquiry at all." (*Id.*) In addition, Plaintiff argues that certain of the United States' denials in the Answer are contradicted by video surveillance evidence. (*Id.* at 3-5.)

6

To the extent Plaintiff is asking the court to address the merits of his claims, Rule 11 is not the appropriate vehicle for such a request. *See* 5A Charles Wright, Arthur Miller & Edward Cooper, Federal Practice & Procedure § 1336 (3d ed. 2009) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."); *see also Ross v. Mukasey*, No. 08-cv-00643-PAB-MJW, 2009 WL 4250124, at *2 (D. Colo. Nov. 24, 2009) ("[U]nlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled."); *Truong v. Smith*, 28 F. Supp. 2d 626, 633 (D. Colo. 1998) (denying a motion for sanctions, because it invoked the merits of the case and "[s]uch arguments . . . are more properly presented in a motion for summary judgment").

The United States does concede that Plaintiff's prison identification number was "mistyped" into the Answer. (Doc. No. 230 at 2.) However, given that that information has no apparent bearing on any of the claims asserted in this case, the omission cannot support the imposition of sanctions. The court, upon its review of the United States' Answer, finds that the document reflects a diligent, thorough attempt to respond to the allegations set forth in the Fourth Amended Complaint. Therefore, the motion for sanctions under Rule 11 is appropriately denied.[3]

Accordingly, it is

---

[3] The United States asks for an award of attorneys' fees incurred in connection with the preparation of its response to Plaintiff's motion for sanctions. (Doc. No. 230 at 2.) The court denies that request.

**ORDERED** that Plaintiff's "Motion to Strike Answer" (Doc. No. 219) is **DENIED**.  It is further

**ORDERED** that Plaintiff's "Motion for Rule 11 Sanctions (Doc. No. 220) is **DENIED**. It is further

**ORDERED** that Plaintiff's "Motion for Rule 11 Sanctions (Doc. No. 225) is **DENIED**.

This 13th day of April, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge