IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01622–KMT

NASER ABDO,

    Plaintiff,

v.

UNITED STATES

    Defendant.

---

## ORDER

---

Before the court are Plaintiff's "Motion for Support of Deposition Order" and "Motion for Deposition Order." (Doc. Nos. 238, 240.) Defendant has responded in opposition to both motions, and Plaintiff has replied. (Doc. Nos. 248, 252.) For the following reasons, both motions are DENIED.

*Pro se* Plaintiff Naser Abdo,[1] an inmate at the United States Penitentiary, Administrative Maximum ["ADX"] facility in Florence, Colorado, brings this civil rights action against the

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Defendant United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.[2] (Doc. No. 126.) Discovery in this matter is ongoing. (*See* Doc. No. 250.)

On March 2, 2020, Plaintiff filed two interrelated motions, requesting that this court "order the ADX to facilitate video depositions" of certain ADX employees that are relevant to his case, and in the alternative, requesting that an "interim conference" be held "to discuss the possibility of video depositions and their details." (Doc. No. 238 at 1; Doc. No. 240 at 1.) In addition, Plaintiff asks that the proposed video depositions be admitted into evidence without a transcript, pursuant to Federal Rule of Civil Procedure 32(c). (Doc. No. 240 at 1, 5.)

Plaintiff proposes several alternative "options" to facilitate video depositions at the ADX facility "subject to certain security concerns." (*Id.* at 3.) Specifically, Plaintiff suggests the following scenarios: (1) that he, or his family members, "will purchase and have delivered to ADX, or Defendant's counsel, 1 camera, several memory cards and 2 microphones, subject to security screening 2 weeks before depositions;" (2) that he, or his family members, will purchase memory cards and microphones "compatible with ADX's several on-hand handheld cameras;" or (3) that ADX "be directed to offer its inhouse 'courtroom' equipment to record video depositions and [Plaintiff] will pay for memory cards as needed." (*Id.*) Plaintiff proposes that the ADX "resident Notary" can "administer the oath and operate the camera," or, that in the alternative, he or his family members can do so. (*Id.* at 4.) In addition, Plaintiff proposes that, upon completion of the video depositions, the used memory cards could be "placed in a pre-prepared and properly

---

[2] Plaintiff, in his operative complaint, also lodges claims against eight individual ADX employees, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 126 at 2-4.) However, those claims were dismissed, on December 11, 2019, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 202.) As a result, the case proceeds against the United States alone.

stamped envelope addressed to my family who will provide identical copies to the Defendant, Court[,] . . . and to ADX legal who will facilitate my viewing of the deposition." (*Id.*)

The United States opposes Plaintiff's requested relief, on the basis that the deposition procedures suggested by Plaintiff would "compromise critical security interests" at the ADX facility. (Doc. No. 248 at 1, 3.) Defendant also contends that ADX equipment cannot be used in the manner Plaintiff proposes, because the ADX courtroom "has only videoconferencing, and not recording, capability," and because ADX handheld cameras "are maintained for use in connection with use-of-force procedures" and "cannot be diverted to other uses." (*Id.* at 2.) In addition, Defendant argues that providing video depositions of ADX corrections officers to Plaintiff's family members "poses risks to those officers," because the Bureau of Prisons "cannot control what happens to the videos after they leave the prison." (*Id.* at 3.) The United States contends, specifically, that persons who "empathize" with Plaintiff, or "have their own agenda" against the ADX officers, could potentially "target" them, given that the video depositions would provide "real-time images that would make [the officers] easier to identify." (*Id.*)

In support of these contentions, Defendant has submitted a declaration from ADX Associate Warden, Billy Eischen. (["Eischen Declaration"], Doc. No. 248, Ex. 1.) Associate Warden Eischen states that Plaintiff's proposed video depositions "cannot be allowed without jeopardizing safety and security," because, among other things, ADX policy "prohibits inmates from receiving and possessing electronic media that has recording capabilities and also generally prohibits inmates from possessing electronic devices." (*Id.* at ¶ 6.) Eischen reports that, even if the electronic recording equipment were sent to ADX officials directly, the prison "has no way to verify how the equipment was handled prior to its entry into the institution, where it originated,

3

or who may have touched it while en route to the institution." (*Id.* at ¶ 7.) In addition, Eischen states that such equipment "must be screened, creating the risk that it could infect the Bureau's and the ADX's computer network." (*Id.* at ¶ 8.) Eischen also states that Plaintiff's proposed video depositions of ADX employees, if permitted in this case, would "interfere with the operation of the institution and the critical business of maintaining safety and security," because "the Bureau must anticipate that every other ADX inmate . . . will want to do the same." (*Id.* at ¶¶ 14-15.)

In the context of prison management, the United States Supreme Court has recognized the value of balancing inmates' interests against the administrative needs of the prison, observing that a degree of flexibility and accommodation of prison discretion is required. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974) (stating that corrections officers "must have the necessary discretion without being subject to unduly crippling constitutional impediments"). To that end, it is well-settled that courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *see Turner v. Safley*, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."); *Pinson v. Pacheco*, 424 F. App'x 749, 756 (10th Cir. 2011) ("[T]here is a strong public interest in affording substantial deference to prison officials in managing the daily operations of a prison due to the unique nature, needs and concerns of the prison environment."). Thus, "courts should interfere with the

management of prisons only under exceptional and compelling circumstances." *Robinson v. Adame*, No. 18-cv-01691-RBJ-KLM, 2019 WL 5790692, at *2 (D. Colo. June 19, 2019) (citing *Taylor v. Freeman*, 34 F.3d 266, 268-70 (4th Cir. 1994)).

Here, Plaintiff has failed to show "exceptional and compelling circumstances" that warrant the court's intervention in the ADX facility's management. Further, as Defendant correctly points out, Plaintiff has alternate means to obtain the discovery sought. (*See* Doc. No. 248 at 6.) As one option, Plaintiff can depose the ADX employees by written questions, pursuant to Federal Rule of Civil Procedure 31. Under that Rule, the party taking the deposition delivers the written questions to a deposition officer. Fed. R. Civ. P. 31(b). The deposition then proceeds in a manner akin to oral depositions. *Id.* (incorporating Rules 30(c), (e), and (f)). The deponent is put under oath, and then the deposition officer "must ask the deponent [the written] questions and record the answers verbatim." Fed. R. Civ. P. 30(c)(3). Following the deposition, a transcript is prepared in the same manner as an oral deposition. Fed. R. Civ. P. 31(b)(2)-(3). Therefore, in such a scenario, as these sections indicate, the deponent must still appear in person and answer questions orally.

In addition, Plaintiff can obtain the evidence sought through other means of written discovery, including interrogatories and requests for production. Indeed, Plaintiff has already made use of such discovery methods in this case. (*See* Doc. Nos. 224, 226, 234-35, 245.) To the extent Defendant fails to comply with any of Plaintiff's discovery requests, Plaintiff may, in good faith, file an appropriate motion to compel such discovery, or move for sanctions under Federal Rule of Civil Procedure 11.

Plaintiff bemoans the fact that, without video depositions, he will be unable "to observe demeanor and facial expressions as well as ask intuitively timed follow-up questions." (Doc. No. 240 at 6.) He also contends that, given his indigent status, any alternative means of discovery would be "simply too burdensome and likely impossible to do with real results." (*Id.* at 8, 10.) However, irrespective of Plaintiff's financial circumstances, the obligation to finance his own litigation remains with him. *See Tabron v. Grace*, 6 F.3d 147, 158-60 (3d Cir. 1993) ("[I]ndigent litigants [must] bear their own litigation expenses."). Further, as with all litigants, Plaintiff must make tactical discovery decisions, based on his own financial and practical constraints. *See Miller v. Jackson*, No. 18-cv-00024-KLM, 2019 WL 4110627, at *1 (D. Colo. April 30, 2019) ("[A] pro se plaintiff remains responsible for litigating his case himself."). Plaintiff is not entitled to any discovery that he seeks. *See, e.g.,* Fed. R. Civ. P. 26(b)(2)(C)(ii) (a court "must" limit the scope of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

On this record, then, Plaintiff has failed to provide an argument to overcome the deference afforded prison officials in the matters of prison administration. As a result, Plaintiff's request to proceed with video depositions at the ADX facility is denied. In addition, the court finds no reason to convene a hearing on the issue.

Accordingly, it is

**ORDERED** that the "Motion for Support of Deposition Order" (Doc. No. 238) is **DENIED**. It is further

**ORDERED** that the "Motion for Deposition Order" (Doc. No. 240) is **DENIED**.

This 29th day of April, 2020.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge